UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

ALI KAID HUSSEIN ZAIDAN,

                Plaintiff,

   - against -

SECRETARY OF STATE REX TILLERSON, in
His Official Capacity,

                Defendant.

-------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆ AUG - 9 2018 ☆

BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
17-CV-3604 (CBA)

**AMON, United States District Judge:**

Plaintiff Ali Kaid Hussein Zaidan brings this action against the U.S. Secretary of State (the "Secretary"), in his official capacity, pursuant to the Mandamus Act, 28 U.S.C. § 1361; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.; and the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201; 8 U.S.C. § 1503(a).[1] Zaidan alleges that he is a natural born U.S. citizen and that the Secretary's agents erred when they denied his application for a U.S. passport. The Secretary moves to dismiss Zaidan's mandamus and APA claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Secretary's motion.

### BACKGROUND

Born in Yemen in 1975 to an American father and an alien mother, Zaidan claims to have obtained citizenship at birth. (D.E. # 18 ("Am. Compl.") ¶¶ 9–11, 13–14, 17–19, 28.) Pursuant to the version of 8 U.S.C. § 301 in effect at the time of Zaidan's birth, U.S. citizens married to an alien could transmit citizenship to foreign-born children only if the citizen parent had been

---

[1] Plaintiff initially named the Philadelphia Passport Agency and the U.S. Department of State as defendants, (see D.E. # 1, 18), but dropped both entities from the caption by stipulation, replacing them with the Secretary of State, (see D.E. # 30). The Court will therefore refer to the Secretary as the sole defendant.

1

physically present in the United States for ten years, including five after reaching the age of fourteen. (Id. ¶¶ 17–19.) When Zaidan applied for a U.S. passport, the Secretary found that Zaidan provided insufficient evidence of his father's residency in the United States. (Id. ¶¶ 20–24.) Zaidan alleges that, despite his full compliance with the Secretary's request for additional evidence, the Secretary improperly denied Zaidan a U.S. passport. (Id. ¶¶ 23–26.) Zaidan now seeks review of that decision.

## STANDARD OF REVIEW

Federal courts must dismiss all cases in which the plaintiff fails to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Courts lack jurisdiction over the subject matter of an action when they "lack[] statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss under Rule 12(b)(1), the Court must accept all material factual allegations in the complaint as true, but should not draw inferences favorable to the plaintiff. See Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (quoting Norton v. Larney, 266 U.S. 511, 515 (1925)). When the plaintiff sues in federal court, he bears the burden of establishing federal jurisdiction. See Makarova, 201 F.3d at 113.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In resolving a motion to dismiss under Rule 12(b)(6), the Court must "construe the Complaint liberally, accepting all factual allegations in the Complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Galiano v. Fid. Nat'l Title Ins. Co., 684 F.3d 309, 311 (2d Cir. 2012). Nevertheless, the "[f]actual allegations must be enough to raise a right of relief above the

speculative level," and the complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [plaintiff's claim]." Twombly, 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## DISCUSSION

Although the Secretary seeks dismissal of Zaidan's mandamus and APA claims, he does not contest Zaidan's claim to relief under 8 U.S.C. § 1503(a). (See D.E. # 20, 31.) Instead, the Secretary argues that § 1503(a) is Zaidan's only appropriate avenue for relief. (See id.) The Court agrees, and dismisses Zaidan's mandamus and APA claims accordingly.

### I.    Mandamus Claim

Mandamus relief is not available in this action. The Mandamus Act authorizes the Court "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 380 (2004) (quoting Ex parte Fahey, 332 U.S. 258, 259–60 (1947)). "[O]nly exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy." Id. (internal quotations and citations omitted). To obtain a writ of mandamus, a petitioner must establish that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." Benzman v. Whitman, 523 F.3d 119, 133 (2d Cir. 2008) (citing Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989)). The Court dismisses Zaidan's mandamus claim, because the Secretary does not have a

3

plainly defined and peremptory duty to find that Zaidan is a U.S. citizen and to issue him a U.S. passport, and because 8 U.S.C. § 1503(a) provides Zaidan with another adequate remedy.[2]

"[J]urisdiction under the mandamus statute is limited to actions seeking to compel the performance of a *nondiscretionary* duty." Duamutef v. I.N.S., 386 F.3d 172, 180 (2d Cir. 2004) (emphasis in original); accord Heckler v. Ringer, 466 U.S. 602, 616 (1984). Mandamus may not be employed "to direct the exercise of judgment or discretion in a particular way." Wilbur v. U.S. ex rel. Kadrie, 281 U.S. 206, 218 (1930). Here, the Secretary has already performed his nondiscretionary duty of coming to a decision regarding Zaidan's passport application. (Am. Compl. ¶ 20–29.) What troubles Zaidan is the *content* of that decision. (See id. ¶¶ 34–46.) The Mandamus Act is not the appropriate avenue for relief from this discretionary agency decision, because district courts do not have mandamus jurisdiction "to direct the exercise of judgment or discretion in a particular way." Wilbur, 281 U.S. at 218.

Zaidan's mandamus claim also fails because there is, in fact, an appropriate avenue for relief from the Secretary's denial of Zaidan's passport application: 8 U.S.C. § 1503(a). Mandamus relief is not appropriate when there is another adequate remedy available. Benzman v. Whitman, 523 F.3d at 133. Here, Zaidan seeks reconsideration of the Secretary's decision denying him a U.S. passport. (See Am. Compl. ¶ 34–36.) But, "the alternative of a judicial declaration of nationality under 8 U.S.C. § 1503 is more than adequate to provide [a plaintiff] all the relief he has sought by mandamus." Cartier v. Sec'y of State, 506 F.2d 191, 199 (D.C. Cir. 1974). For that reason, district courts across the country have dismissed similar mandamus claims, holding that § 1503(a) is the appropriate means of contesting agency determinations of nationality status. See, e.g., Ortega-Morales v. Lynch, 168 F. Supp. 3d 1228, 1233-34 (D. Ariz. 2016); S.T. ex rel. Trivedi

---

[2] Because the Court finds these grounds sufficient to support dismissal, it does not address the Secretary's argument that Zaidan cannot establish a "clear right" to the relief he seeks. (D.E. # 31 at 10.)

v. Napolitano, No. CIV.A. H-12-285, 2012 WL 6048222, at *4 (S.D. Tex. Dec. 5, 2012); Hassan v. Holder, 793 F. Supp. 2d 440, 446 (D.D.C. 2011); Raya v. Clinton, 703 F. Supp. 2d 569, 576 (W.D. Va. 2010); Villegas v. Clinton, No. 10-cv-29, 2010 WL 5387553, at *9 (S.D. Tex. Dec. 20, 2010). This Court agrees, and so dismisses Zaidan's mandamus claim.

## II.    APA Claim

Zaidan's APA claim is equally unavailing. Under the APA, those harmed by agency action are entitled to judicial review. See 5 U.S.C. § 702. When Congress provided this "general authorization for review of agency action in the district courts," however, it did not intend to "duplicate the previously established special statutory procedures relating to specific agencies." Bowen v. Massachusetts, 487 U.S. 879, 903 (1988). For that reason, it included 5 U.S.C. § 704 in the APA, which states that judicial review of agency action under the APA is only appropriate where the plaintiff has access to "no other adequate remedy in a court." 5 U.S.C. § 704. Alternative remedies need not be identical to bar review under § 704; they need only be adequate. See Town of Sanford v. United States, 140 F.3d 20, 23 (1st Cir. 1998) ("A legal remedy is not inadequate for purposes of the APA because it is procedurally inconvenient for a given plaintiff, or because plaintiffs have inadvertently deprived themselves of an opportunity to pursue that remedy."); Council of & for the Blind of Del. Cty. Valley, Inc. v. Regan, 709 F.2d 1521, 1532 (D.C. Cir. 1983) (even if court agreed that an APA action "would be more effective than" the remedy provided by Congress, "that does not mean that the remedy provided by Congress is inadequate" (emphasis in original)).

Here, Zaidan seeks judicial review of the Secretary's denial of his passport application. (See Am. Compl. ¶¶ 47–53.) As the Court held above, 8 U.S.C. § 1503(a) is the appropriate means of contesting agency determinations of nationality status. Thus, § 1503(a) forecloses Zaidan's

right to relief under the APA. See, e.g., Ortega-Morales, 168 F. Supp. 3d at 1233-34; Esparza v. Clinton, No. 6:12-CV-925, 2012 WL 6738281, at *1 (D. Ore. Dec. 21, 2012); S.T. ex rel. Trivedi, 2012 WL 6048222, at *4; Hassan, 793 F. Supp. 2d at 446; Garcia v. Clinton, No. 10-CV-101, 2011 WL 2173689, at *3 (S.D. Tex. June 1, 2011); Raya, 703 F. Supp. 2d at 576; Villegas, 2010 WL 5387553, at *9. The Court dismisses Zaidan's APA claim.

## CONCLUSION

For these reasons, the Court grants the Secretary's motion and dismisses Zaidan's mandamus and APA claims.

SO ORDERED.

Dated: August 8, 2018
       Brooklyn, New York

                                        s/Carol Bagley Amon
                                        Carol Bagley Amon
                                        United States District Judge